IN RE WILLIAMS, APPELLANT.

(No. 74AP-142—Decided August 13, 1974.)

*Mr. George C. Smith,* prosecuting attorney, *Mr. Alan C. Travis* and *Ms. Judi Smith Solon,* for appellee, the state of Ohio.

*Mr. Timothy J. O'Connell,* Legal Aid & Defender Society, *Mr. Richard H. Ferrell* and *Mr. Allen Adair,* for appellant.

WHITESIDE, J. Defendant appeals from his conviction in the Court of Common Pleas of Franklin County, juvenile criminal division, upon charges of burglary, grand larceny

and second-degree murder. He raises an issue only with respect to his conviction of second-degree murder, in an incident unrelated to the other charges. The sole assignment of error raised is as follows:

"The mere fact of a killing, absent proof beyond a reasonable doubt of intent and malice, cannot sustain a finding of guilt to second degree murder."

Defendant was originally charged with first-degree murder in the shooting death of Timothy Ryan Gordon, a clerk at a Stop-and-Go market, which occurred June 25, 1973.

The essential element of second-degree murder, as defined by R. C. 2901.05 (as it read prior to the adoption of the new criminal code), is that the killing be "purposely and maliciously" done. In other words, both the intent to kill and malice are essential elements of the crime of second-degree murder.

The state contends that both of these elements may be inferred from the facts and circumstances of an unlawful killing where a deadly weapon, such as was used here, is used. Defendant, on the other hand, contends that even if an intent to kill could be inferred from the use of a deadly weapon, to permit the additional finding of malice would constitute the making of an inference upon an inference.

We find, however, that both the inference of an intent to kill and an inference of malice may be inferred from the facts and circumstances of an unlawful killing where a deadly weapon is used. This is especially true where the victim is the clerk in a market and is found lying on the floor behind a counter dying from a gunshot wound in the chest. The case of *State* v. *Butler* (1967), 11 Ohio St. 2d 23, relied upon by defendant, is not controlling. That case involved a death resulting from drag racing automobiles, not from the use of a deadly weapon. As stated in *Jones* v. *State* (1894), 51 Ohio St. 331, at page 346:

"The rule has been announced in this state more than once, in general terms, that from the act of killing malice might be inferred; but in all of them the intent to kill had been established, if that intent was an ingredient of the

crime. It is also an established canon of the law of this state that one must be held to contemplate the consequences of his voluntary and deliberate acts * * *."

While that case involved the killing of a child by its parent (who claimed the killing was accidental) and reached a different result, the above quotation is pertinent. See also *State* v. *Stewart* (1964), 176 Ohio St. 156. Furthermore, it was stated in *Butler, supra,* at page 34:

"The accepted rule that a person must be held to intend the natural and probable consequences of his act evolved from cases dealing with the use of dangerous weapons and instrumentalities, such as guns, knives, clubs and other lethal objects. A person using such deadly and destructive objects is held, under the law, to intend the natural and probable consequences resulting from the manner in which such objects were used."

Under the circumstances in this case, including the use of a deadly weapon and the fact that a clerk in a store was killed in the store, both the intent to kill and malice may be properly inferred by the trier of the facts, and such inferences are independent of each other and are sufficient to sustain a finding of proof beyond a reasonable doubt. The assignment of error is not well taken.

For the foregoing reasons, the assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

HOLMES and REILLY, JJ., concur.